UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROLYN CRICCO AND ANTHONY CRICCO )<br>    Plaintiffs, )<br>    )<br>v.    )<br>    )<br>AMERICAN ADJUSTMENT BUREAU, INC. )<br>    Defendant    )<br>_____ ) | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED<br><br><br><br>JULY 22, 2013 |

## COMPLAINT

1. This is a suit brought by two consumers under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* against American Adjustment Bureau, Inc. ("AAB"). Plaintiffs also include pendent state law claims for AAB's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat § 42-110a *et seq*.

2. Plaintiff, Carolyn Cricco ("Carolyn"), is a consumer residing in Wallingford, Connecticut and is the wife of Plaintiff Anthony Cricco.

3. Plaintiff, Anthony Cricco ("Anthony") is a consumer residing in Wallingford, Connecticut and is Carolyn's spouse.

4. AAB is a Connecticut corporation, is a "debt collector" as defined by the FDCPA, and is registered with the Connecticut Department of Banking as a Consumer Collection Agency.

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

6. This Court has jurisdiction over AAB because it is incorporated in this state and regularly collects debts in Connecticut.

7. Venue is proper because the transaction alleged herein occurred in this state.

8. Prior to 2013, Carolyn and Anthony were each diagnosed with cancer, and, as a result, they have incurred significant medical debts relating to their respective treatments.

9. Prior to April 2013, certain debts owed by Plaintiffs (the "Debt") were assigned to AAB for collection.

10. On at least 14 occasions between March 2013 and July 2013 AAB has placed calls to Plaintiffs' home telephone number at times known or which should be known to be inconvenient to Plaintiffs.  Specifically, AAB has placed calls to Plaintiffs' home after 9:00 PM Eastern Standard Time.

11. Some of the aforementioned calls have been placed after 11:00PM.

12. Plaintiffs have young children, and AAB's placement of late night phone calls have been disruptive to Plaintiffs' sleeping habits and those of their children.

13. As a result of AAB's conduct, Plaintiffs have suffered actual damages in the form of sleep disruption and emotional distress.  Additionally, Plaintiffs have suffered actual damage in that they have been forced to turn off their phone ringers at night to avoid disruptive and inconvenient calls from AAB.  As a result, Plaintiffs are concerned that they might miss emergency or other important calls from other callers.

14. AAB violated the FDCPA § 1692c(a)(1) by contacting Plaintiffs at an unusual time known, or which should be known, to be inconvenient to the Plaintiffs and without the prior express consent of the Plaintiffs.

15. Through its above-described conduct, AAB violated FDCPA § 1692d by engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiffs in connection with the collection of the Debt.

16. AAB's conduct also constitutes unfair and deceptive acts in violation of CUTPA that have caused Plaintiffs ascertainable losses, including, but not limited to, lost ability to use their home phones normally, notwithstanding that cost for telephone service has not been reduced.

WHEREFORE, the Plaintiffs claim actual damages and statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k(a); attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. §42-110g.

        PLAINTIFFS ANTHONY CRICCO and
        CAROLYN CRICCO

By: /s/ Hailey R. Gallant
    Daniel S. Blinn (ct02188)
    Hailey R. Gallant (ct29150)
    Consumer Law Group, LLC
    35 Cold Spring Rd, Suite 512
    Rocky Hill, CT  06067-9997
    dblinn@consumerlawgroup.com
    hgallant@consumerlawgroup.com
    Tel (860) 571-0408
    Fax (860) 571-7457